ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
WIESLAWA ZYWOLEWSKA,

                                 Plaintiff,

**Docket No:**

**JURY TRIAL DEMANDED**

    -against-

DARIUS A. MARZEC and MARZEC LAW FIRM, P.C.

                                 Defendant.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

1. Plaintiff, Wieslawa Zywolewska ("Plaintiff"), by and through her attorneys, Robert Wisniewski P.C., for her Complaint against Defendants, Darius A. Marzec ("Marzec", or "Defendant") and Marzec Law Firm P.C. ("MLF") (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

2. Plaintiff brings this diversity action under the common law of New York seeking damages against Defendants for unjust enrichment, negligence, gross negligence, breach of fiduciary duty, breach of contract, and fraud, for his representation of her against her former employer and his settlement of her case outside of court.

3. Plaintiff is a 70-year-old woman, a native of Poland, and a native Polish speaker.

1

4. Plaintiff contracted with Defendant, a New York lawyer, for legal services to recover wage-and-hour damages from her previous employer, for whom she performed live-in domestic services as a home attendant.

5. Plaintiff brings this action under the common law of New York for negligence, gross negligence, malpractice to recover her rightful damages from Defendant for his settlement of her unpaid wages claims and Defendants' conversion and misappropriation of Plaintiff's settlement funds.

6. Plaintiff also brings this action to recover an accounting of damages from her case, an accounting of Defendants' work on Plaintiff's case, and the difference Plaintiff is owed from Defendants' taken fees and the actual fees Defendants incurred settling Plaintiff's case.

7. Plaintiff also brings this action to recover damages for a breach of contract for the amount of attorney's fees taken by Defendants and for Defendants' failure to perform the obligations of the contract.

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff is a resident of Poland.

9. Defendant, at all relevant times herein, was and is a citizen and resident of New York.

10. Defendant is the sole member of Marzec Law Firm, P.C.

11. At all relevant times herein, Defendants conducted substantial business with and derived substantial revenue from the State of New York.

12. This Court has personal jurisdiction over Defendant in that he is a citizen of New York and maintains an office at 225 Broadway, Suite 3000, New York, NY 10007.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in that there is complete diversity between the parties because a foreigner can sue a United States citizen in any federal district court, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

14. This Court is a proper venue for this action pursuant to 28 U.S.C. §1391(b), among other grounds, because substantial events relating to the claims occurred in this district.

## JURY DEMAND

15. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

16. Plaintiff is a native of Poland and her native language is Polish.

17. Defendant has a multi-state practice in New York, New Jersey, Connecticut, Illinois, California, Massachusetts, and Florida. Defendant practices out of his office at 225 Broadway, Suite 3000, New York, NY 10007.

18. According to the "Practice Areas" section on Defendant's website, Defendant's areas of practice include bankruptcy law, business services, entertainment law, family law, intellectual property, landlord and tenant law, litigation, real estate closings, and wills/ trusts & estates & probate. *See* http://www.marzeclaw.com/practice-areas/ (Last accessed February 21, 2019 at 3:52 PM). Defendant does not list employment law or wage-and-hour law as one of his areas of practice.

19. Plaintiff discovered Defendant's law services through the website "American Polish Pages", where Defendant advertised his law practice, on or about the beginning of February, 2016.

20. At the time, Plaintiff sought legal representation to recover unpaid wages from Plaintiff's former employer, Arthur Rosenman ("Rosenman"), as detailed below:

   a. Plaintiff worked for Rosenman in Rego Park, Queens, New York.

   b. Plaintiff was employed from October 1, 2011 to November 6, 2012.

   c. Plaintiff worked extremely hard as a live-in housekeeper and caretaker to Rosenman's bedridden Mother.

   d. Plaintiff contracted with Rosenman for pay of $700 per week which she understood to be for forty hours per week.

   e. Rosenman did not have Plaintiff sign a wage notice.

   f. Rosenman paid Plaintiff by check but Plaintiff did not receive pay stubs.

   g. Plaintiff worked seven days a week, 24 hours per day, with no break because Rosenman prohibited Plaintiff from leaving the apartment in case his mother needed Plaintiff's assistance.

   h. During the first six months of employment, Plaintiff received a $70 raise and was making $770 per week

   i. Rosenman refused to raise Plaintiff's pay despite Plaintiff working 24 hours per day and being engaged to be waiting.

   j. Soon thereafter, Plaintiff quit working for Rosenman.

   k. Upon these facts, Plaintiff was entitled to substantial damages for her work for Rosenman which are believed to be several hundred thousand dollars and well in excess of the jurisdictional minimum.

21. On February 8, 2016, Plaintiff met with Defendant at Defendant's satellite office in Greenpoint. The meeting lasted approximately 30 minutes. Defendant took notes and asked Plaintiff questions.

22. Upon information and belief, at the time of Plaintiff's visit, Defendant had handled only two or three wage-and-hour cases. Despite his lack of experience in the field of wage-and-hour law, Defendant informed Plaintiff that he would take her case.

23. Later that day, Defendant's secretary called Plaintiff to arrange a second meeting.

24. On February 22, 2016, Plaintiff met Defendant a second time at his Greenpoint office. The meeting lasted approximately an hour. Plaintiff retained Defendant in regards to her claims against Rosenman via a Contingency Fee Retainer Agreement (or "Retainer Agreement").

    a. To induce Plaintiff to retain him, Defendant altered The Contingency Fee Retainer Agreement by hand to reflect:

        i. That Plaintiff's representation was to be without filing suit; and

        ii. That Defendant would take an altered contingency fee of 25% for Plaintiff's case, instead of his standard 33 1/3%, of the sum recovered as a result of any claim or action received through settlement or compromise.

    b. Despite knowing that Plaintiff's native and only language is Polish, Defendant presented Plaintiff with a Contingency Fee Retainer Agreement in only English, without explaining to Plaintiff in her native tongue the contents of the Agreement.

    c. Plaintiff did not know or understand the contents of the Retainer Agreement, yet, Defendant directed her to sign it.

5

25. In or around mid-March 2016, Plaintiff met with Defendant for the third and final time. The meeting lasted approximately 10 minutes. Defendant appeared visibly irritated by Plaintiff's visit. Defendant told Plaintiff that he was not sure why Plaintiff had come in, that nothing was going on in her case, and that the information could have been relayed by telephone.

26. Defendant failed to advise Plaintiff at any time as to what her claims were and the worth of her claims.

27. Defendant failed to prepare a damages table to evaluate the worth of Plaintiff's claims and failed to discuss them with Plaintiff.

28. Defendant then struck a deal with Rosenman for Plaintiff's claims. Defendant did not disclose to Plaintiff for how much he negotiated or for what amount the parties settled. Since Defendant never showed Plaintiff damages calculations, Plaintiff did not know if the amount was fair or reasonable under the circumstances.

    a. Defendant did not give Plaintiff damages calculations, did not prepare a damages table, and did not show damages calculations prepared by Defendant.

    b. Defendant did not tell Plaintiff how much she was owed from Rosenman or if Plaintiff was owed interest, penalties, or other compensation.

    c. Defendant did not orally explain to Plaintiff how much Plaintiff was owed in damages.

    d. Defendant did not disclose his methodology of calculation of Plaintiff's damages or if the damages that Defendant negotiated for her were fair or reasonable compensation for her work for Rosenman.

    e. Plaintiff was entitled to more substantial damages than Defendant negotiated.

29. On April 10, 2016, Plaintiff went to Defendant's office to pick up a check for $16,750.00.

    a. Defendant's secretary told Plaintiff that despite having contracted for a 25% fee in their Retainer Agreement, Defendant now decided to take a fee of 33 1/3% from the sum recovered as a result of the claims settled for Plaintiff due to the alleged difficulty of Plaintiff's case.

    b. Defendant did not provide to Plaintiff information as to why the fee was increased, why the case was especially difficult, and Plaintiff was not given an opportunity to discuss or dispute the increased fee with Defendant.

    c. Defendant's assistant presented Plaintiff with a document, which was in English and Plaintiff was not given any explanation, in English or Polish, as to what the document was about or what the document contained.

30. During Plaintiff's retainer of Defendant, Defendant avoided contact with Plaintiff, Defendant told Plaintiff he did not have time for calls, and Defendant said he did not have answers to Plaintiff's questions.

31. During Plaintiffs retainer of Defendant, Defendant avoided contact with Plaintiff, did not answer Plaintiff's questions, and told Plaintiff "not to worry".

32. Defendant failed to account for how he carried out Plaintiff's case and did not give Plaintiff information about case status.

33. Defendant did not disclose to Plaintiff if Defendant was working on her wage claims or if Defendant was engaged in settlement negotiations on her behalf and for what amount.

34. During Plaintiff's retainer of Defendant, Defendant did not take Plaintiff's testimony, did not ask Plaintiff for anything, and did not disclose when and how the case concluded.

35. Defendant failed to disclose the amounts he negotiated for Plaintiff, the amount at which Defendant started negotiating, and did not disclose any other information about negotiations.

## FIRST CLAIM FOR RELIEF
### (Accounting)

1. Plaintiff repeats and realleges each and every allegation previously set forth herein.

2. Plaintiff made demands on Defendant for an accounting of all receipts, disbursements, costs, and expenses related to Defendant's work on Plaintiff's case and the net payments from the letters to each of Plaintiff's previous employers, which Defendant has failed or refused to provide.

3. Plaintiff seeks an accounting of all receipts, disbursements, costs and expenses related to Defendant's work on Plaintiff's cases, and upon such accounting, for a judgment against Defendant for the amount determined.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

4. Plaintiff repeats and realleges each and every allegation previously set forth herein.

5. Plaintiff employed Defendant as her attorney in connection with the recovery of unpaid wages.

6. By virtue of the attorney-client relationship between Plaintiff and Defendant, Defendant owed a fiduciary duty of utmost good faith, trust, confidence, and candor to Plaintiff. Plaintiff thereby reposed her full trust and confidence in the good faith and honesty of Defendant.

7. Defendant has engaged in a variety of self-dealing and concealment of such acts. Defendant's misconduct constituted bad faith, a disingenuous and dishonest failure to

8

carry out the terms of his obligation to Plaintiff, and a complete and total indifference to the legal and fiduciary obligations of all attorneys to their clients, all of which was morally culpable, actuated by evil and reprehensible motives, and such wanton dishonesty as to imply a criminal indifference to civil obligations.

8. Defendant's numerous breaches of his fiduciary duty have damaged Plaintiff in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

1. Plaintiff repeats and realleges each and every allegation previously set forth herein.

2. Defendant inappropriately misappropriated funds due to Plaintiff by, among others: taking more than the contracted Retainer Agreement payment to Defendant and continuously concealing such misappropriation.

3. As a result of Defendant's misappropriation of Plaintiff's funds, Defendant was enriched unjustly.

4. It is against equity and good conscience to permit Defendant to retain the funds he misappropriated.

5. Defendant has thus been unjustly enriched and has damaged Plaintiff in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Negligence)

9. Plaintiff repeats and realleges each and every allegation previously set forth herein.

10. As Plaintiff's lawyer, Defendant and Defendants' employees and agents were under a duty to exercise reasonable care in representing Plaintiff in pursuit of her wage claims.

9

11. During Defendants' representation of Plaintiff, Defendants breached their duty to Plaintiff by:

   a. Defendant repeatedly dodged Plaintiff's requests for meetings and information;

   b. Defendant failed to give Plaintiff documents and/or explanations in her native language;

   c. Defendant failed to inform Plaintiff the nature and value of her claims, failed to inform Plaintiff of the status of her claims, failed to inform Plaintiff of her best-case scenario, failed to inform Plaintiff of the settlement negotiations conducted on her behalf, and failed to inform Plaintiff of the settlement amount;

   d. Defendant failed to show Plaintiff the calculations of her damages, failed to prepare a damages table, failed to disclose to Plaintiff the negotiation process, failed to disclose to Plaintiff the amount was offered in negotiations; and

   e. Defendant altered the Retainer Agreement to increase Defendant's fees.

12. Defendant knew or should have known:

   a. That his work on Plaintiff's case was below a standard of reasonable care;

   b. That Plaintiff was entitled to reasonable contact with her lawyer;

   c. That Plaintiff was entitled to be reasonably informed about the status of her claims and the nature of her lawyer's work on her claims; and

   d. That Plaintiff was entitled to a greater recovery for her wage claims.

13. As a direct proximate result of the negligence and breaches of the reasonable standard of care by Defendant, Plaintiffs sustained damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Gross Negligence)

14. Plaintiff repeats and realleges each and every allegation previously set forth herein.

15. Defendant owed a duty of reasonable care in his interactions with and representation of Plaintiff and act in a fiduciary relationship to Plaintiff in pursuit of her wage claims.

16. During Defendant's representation of Plaintiff, Defendants breached his duty to Plaintiff by:

   a. Defendant repeatedly dodged Plaintiff's requests for meetings and information;

   b. Defendant failed to give Plaintiff documents and/or explanations in her native language;

   c. Defendant failed to inform Plaintiff of the nature and value of her claims, failed to inform Plaintiff of the status of her claims, failed to inform Plaintiff of her best-case scenario, failed to inform Plaintiff of the settlement negotiations conducted on her behalf, and failed to inform Plaintiff of the settlement amount;

   d. Defendant failed to show Plaintiff the calculations of her damages, failed to prepare a damages table, failed to disclose to Plaintiff the negotiation process, failed to disclose to Plaintiff the amount was offered in negotiations; and

   e. Defendant altered the Retainer Agreement to increase Defendant's fees.

17. Defendant knew or should have known:

   a. That his work on Plaintiff's case was grossly below a reasonable standard of care;

   b. That Plaintiff was entitled to reasonable representation and reasonable contact with her lawyer;

   c. That Plaintiff was entitled to be reasonably informed about the status of her claims and the nature of her lawyer's work on her claims; and

   d. That Plaintiff was entitled to a greater recovery for her wage claims.

18. Defendant knew or should have known that his work on Plaintiff's claims was grossly below a standard of reasonable care and such deficiencies would cause Plaintiff harm of insufficient legal representation and economic harm by agreeing to an unfair settlement of her claims.

19. Defendant's conduct in pursuing Plaintiff's claims recklessly disregarded Plaintiff's rights to proper and diligent representation.

20. Defendant's acts constituted gross negligence and/or willful and wanton conduct.

21. As a direct proximate result of Defendants' gross negligence, Plaintiff suffered monetary damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Legal Malpractice)

22. Plaintiff repeats and realleges each and every allegation previously set forth herein.

23. As a result of their attorney-client relationship, Defendant had a duty to represent Plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys of New York in similar practice of wage-and-hour law.

24. Defendant's failure to conduct meetings with Plaintiff, failure to give Plaintiff documents and/or explanations in her native language, failure to properly inform Plaintiff of the status of her negotiations, and failure to inform Plaintiff of the settlement procured, was a breach of defendant's duty to exercise reasonable care, skill, and diligence on Plaintiff's behalf.

25. Defendant took Plaintiff's case despite not having sufficient expertise in employment or wage-and-hour law.

26. Defendant failed to inform himself of the relevant law applicable to Plaintiff's case and thus negotiated for a settlement for significantly less money than Plaintiff was entitled to for her wage-and-hour claims against Rosenman.

27. If Defendant had expertise in the area of law or had properly informed himself of the applicable law, Defendant would have known that Plaintiff was entitled to substantial damages for her wage-and-hour claims.

28. Defendant's negligence in handling this matter deprived Plaintiff of proper legal representation. With proper representation, Plaintiff would have collected a fair settlement for her claims against Rosenman.

29. As a consequence, Plaintiff suffered monetary damages in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### (Breach of Contract, Attorneys Fees)

30. Plaintiff repeats and realleges each and every allegation previously set forth herein.

31. Defendant hand-altered and initialed next to the alteration on the Contingency Fee Retainer Agreement to contract for a 25% fee paid to Defendant.

32. Defendant breached this agreement by later increasing his fee to 33 1/3% without Plaintiff's consent.

33. As a consequence, Defendant has collected more than the contracted amount for his services, resulting in monetary damages for Plaintiff in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
### (Breach of Contract, Failure to Perform)

34. Plaintiff repeats and realleges each and every allegation previously set forth herein.

35. Defendant contracted with Plaintiff in the Contingency Fee Retainer Agreement to represent Plaintiff "conscientiously, diligently, within the bounds of ethical propriety and with the purpose of accomplishing your desired objectives" in connection with her unpaid wages claim.

36. Defendant has breached his obligation by not conscientiously or diligently representing Plaintiff in connection to her unpaid wages claim in that Defendant failed to get the necessary information surrounding Plaintiff's claims in order to pursue her claims and agreed to an unfair settlement on Plaintiff's claims.

37. Defendant has breached his obligations to Plaintiff by not properly informing himself of the law applicable to Plaintiff's claims and thus failed to diligently represent her in negotiations.

38. Defendant has breached his obligation by not reaching a fair and just settlement of Plaintiff's claims.

39. As a consequence of Defendant's breach, Plaintiff has suffered monetary damages in an amount to be determined at trial.

### NINTH CLAIM FOR RELIEF
### (Fraud)

40. Plaintiff repeats and realleges each and every allegation previously set forth herein.

41. Defendant, as Plaintiff's lawyer, was in a fiduciary relationship with Plaintiff.

42. Defendant falsely represented that he would perform "conscientiously, diligently, within the bounds of ethical propriety and with the purpose of accomplishing your desired objectives" in connection with her unpaid wages claim for a contingency fee of 25% of the sum recovered.

43. During Defendant's representation of Plaintiff,

a. Defendant repeatedly dodged Plaintiff's requests for meetings and information;

b. Defendant failed to give Plaintiff documents and/or explanations in her native language;

c. Defendant failed to inform Plaintiff of the nature and value of her claims, failed to inform Plaintiff of the status of her claims, failed to inform Plaintiff of her best-case scenario, failed to inform Plaintiff of the settlement negotiations conducted on her behalf, failed to inform Plaintiff of the settlement amount;

d. Defendant failed to show Plaintiff the calculations of her damages, failed to prepare a damages table, failed to disclose to Plaintiff the negotiation process, failed to disclose to Plaintiff the amount was offered in negotiations; and

e. Defendant altered the Retainer Agreement to increase Defendant's fees.

44. Defendant represented these false facts which were material to the contract and fiduciary relationship created between him and Plaintiff.

45. Plaintiff was ignorant to the falsity of these facts and believed Defendant's representations to be true.

46. Defendant knew such representations to be false. Defendant made false representations with the intent for Plaintiff to act upon such false facts, with the intent to defraud and deceive Plaintiff, and at the time that Defendant made the promises to Plaintiff, Defendant had no intention of performing them.

47. Plaintiff, in a fiduciary relationship with Defendant, had a right to rely on Defendant's representations of performance promised and commission fee contracted.

48. Plaintiff relied on Defendant to diligently represent her in claims, procure a fair settlement for her claims, to charge the agreed Retainer fee, and thus Plaintiff sought no other legal assistance to pursue her claims.

49. Defendant failed to diligently represent Plaintiff, procured an unfair settlement, and charged Plaintiff an increased fee.

50. As a result, Plaintiff was injured in that Plaintiff did not receive a fair settlement for her claims and was charged a higher fee for Defendant's minimal work on Plaintiff's claims.

51. As a result, Plaintiff has suffered monetary damages in an amount to be determined at trial.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs demand a trial by jury and judgment against Defendant as follows:

a. For such compensatory damages occasioned by the negligent conduct of Defendant as may be proved at the trial of this case;

b. For her past legal expenses incurred and legal expenses to be incurred;

c. For her costs of the suit incurred herein;

d. For pre-judgment and post-judgment interest, at the rate allowed by law, on such amounts awarded from the filing tis Complaint and after judgment is entered; and

e. Together with such other and further relief that the Court deems just.

Dated: New York, NY
      February 28, 2019                       ROBERT WISNIEWSKI P.C.

                                                    By:_____//ss//_____
                                                    Robert Wisniewski (RW-5308)
                                                    225 Broadway, Suite 1020
                                                    New York, New York 10007
                                                    (212) 267-2101
                                                    *Attorneys for Plaintiff*

## VERIFICATION

ROBERT WISNIEWSKI, an attorney duly admitted to practice before the Courts of the State of New York, affirms as follows: I am an attorney at Robert Wisniewski P.C., attorneys of record for Plaintiff. I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are alleged upon information and belief, and as to those matters I believe them to be true.

This verification is made by me because Plaintiff is not presently in the county where I maintain my offices.

Dated: February 28, 2019

New York, New York

_____
Robert Wisniewski