# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Avenue, Suite 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

June 27, 2019

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**RE:   WIESLAWA ZYWOLEWSKA V. DARIUS A. MARZEC
and MARZEC LAW FIRM, P.C., Docket No.: 1:19-cv-01932 (LGS)**

Dear Judge Schofield:

The undersigned represents Defendants Darius A. Marzec and Marzec Law Firm, P.C. (hereinafter collectively referred to as "MLF"). In accordance with Your Honor's "Individual Rules and Practices for Civil Cases," MLF respectfully submits this letter in order to request that the Court approve the schedule set forth below by MLF relating to a proposed motion to dismiss Plaintiff Wieslawa Zywokewska's ("Plaintiff's") Complaint, or, in the alternative, transfer this case to the United States District Court for the Eastern District of New York or the District of New Jersey where Mr. Marzec is a domicile.

Insofar as this Court's rules exempt a pre-motion conference as a prerequisite for a Court approved motion to dismiss a complaint in lieu of an answer, MLF respectfully submits this letter for Your Honor's consideration, and MLF will submit below the appropriate proposed briefing schedule.

## I.   BACKGROUND

By way of an extremely brief summary of the instant matter at issue, the entirety of Plaintiff's Complaint revolves around a fee dispute on a state matter with respect to "wage and hour" legal work MLF performed for Plaintiff in 2016. The Complaint has additional allegations of misconduct, breach of duty, and negligence. But, regardless of what Plaintiff's attorney has already submitted to this Court with a bombardment of superfluous, unfounded, and, frankly, unprofessional accusations and statements against MLF, the fact is that all of Plaintiff's bravado has zero bearing on the merits of MLF's anticipated motion and any remedies MLF seeks.

This is not a dispute over anything to do with the allegations by the Plaintiff. Rather, the fact is that Plaintiff's attorney improperly chose to file this action with the Southern District, stating to this Court that venue is proper for various reasons all the while failing on grounds because he is not able to satisfy the necessary allegations to sustain venue in this District.

Plaintiff's Complaint is improper because: 1) Mr. Marzec resides in New Jersey and Plaintiff resides overseas in Poland; 2) Every single aspect of MLF's performance of legal work for Plaintiff took place

in MLF's only current office in New York State, which is located in Kings County; and 3) There was no aspect whatsoever of Plaintiff's and MLF's prior relationship, which now gives rise to these allegations, where any colorable argument may be made that a "substantial part of the events or omissions giving rise to the claim occurred" in order for Plaintiff to establish the proper venue for this action. See 28 U.S.C. § 1391 (b).

In fact, Plaintiff's attorney states in the Complaint that "Defendants conducted substantial business with and derived substantial revenue from the State of New York." See Complaint ¶ 11. Obviously, Plaintiff's attorney is attempting to mangle the wording of the statute and the caselaw by ignoring the fact that the words set forth are just plainly wrong, and **no** aspect of MLF's work for Plaintiff, let alone a substantial part of any of the alleged events, give rise to any of the claims submitted.

Simply put, Plaintiff has not established this District as the appropriate venue for this pending action, and for the reasons set forth above and described in further detail below, Plaintiff's Complaint should be dismissed, or at a bare minimum, transferred to the appropriate venue as the Court may see fit.

## II. MLF's ANTICIPATED MOTION TO DISMISS

MLF seeks to file a motion to dismiss the Complaint in its entirety, pursuant to FRCP 12(b)(3), or, in the alternative, pursuant to 28 U.S.C §1406 (a), transfer Plaintiff's action to the appropriate venue in either the District Court for the Eastern District of New York or the District Court for New Jersey.

### A. Plaintiff Has Not Satisfied Her Burden Of Establishing Proper Venue And Plaintiff's Complaint Should Be Dismissed In Its Entirety Pursuant to FRCP 12 (b) (3)

Plaintiff bears the burden of establishing venue is proper. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). Plaintiff has not done so because Plaintiff has not established any grounds to satisfy the general venue statute set forth in 28 U.S.C. § 1391 (b). Plaintiff brought this action in a judicial district where none of the parties reside and Plaintiff has not shown that even a little part, let alone a "substantial part of the events or omissions giving rise to the claim occurred." Id. The words are right in Plaintiff's Complaint that nail the coffin shut.

For example, Plaintiff asserts that MLF has an office in New York County. See Complaint ¶ 12. This is factually untrue. MLF has no office in New York County and never did any work for Plaintiff in New York County. Plaintiff knows this full well, and yet again, the Complaint continues to show this such as in Paragraph 21 (Plaintiff met with MLF in Greenpoint, Brooklyn). The only glaring problem, which may be construed as a misrepresentation to this Court, is that Plaintiff claims MLF's Brooklyn office is a "satellite office." Id. This is factually untrue. MLF's Brooklyn office is MLF's "headquarters." MLF is prepared to submit all necessary affidavits and other evidence to substantiate the complete dismissal of Plaintiff's Complaint pursuant to FRCP 12 (b) (3). See U.S. E.P.A ex rel. McKeown v. Port Authority of N.Y. & N.J., 162 F.Supp.2d 173, 183 (S.D.N.Y. 2001). See also Rankel v. Kabateck, 2013 WL 7161687 (S.D.N.Y. 2013). Plaintiff also lived in Greenpoint, Brooklyn when she retained MLF and she still lived in Brooklyn during the entirety of the legal work MLF performed. Plaintiff even worked in Queens County with respect to the wage and hour case she pursued.

Incredibly, Mr. Wisniewski, Esq., Plaintiff's counsel, was the only person in New York County who has anything to do with the allegations in the Complaint.

What mystifies MLF is that Plaintiff's attorney has known MLF for years and the two of them are virtually the only two attorneys in New York City advertising their legal services in the area of wage and hour law specifically for the Polish speaking community. They have even referred each other clients and had clients switch back and forth between their offices. Why Plaintiff's attorney would present such misrepresentations is disturbing.

> B. Should Plaintiff's Complaint Not Be Dismissed, In The Alternative, Plaintiff's Pending Action Should Be Transferred To The Proper Venue "in the interest of justice" Pursuant To 28 U.S.C § 1406 (a)

As explained above, Plaintiff has not satisfied the venue requirements set forth in 28 U.S.C. 1391 (b). At a bare minimum, pursuant to 28 U.S.C. § 1406 (a), Plaintiff's pending action should be transferred to the proper venue "in the interest of justice." See Rankel v. Kabatek, 2013 WL 7161687 (S.D.N.Y.) Given the undisputed facts, venue should be transferred either to the District of New Jersey or the Eastern District of New York.

Clearly, there are anti-competitive motivations behind this Complaint solely meant to hurt Mr. Marzec and his firm.

Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, MLF proposes the following briefing schedule should the Court grant approval for the filing of this proposed motion:

1. Defendants may file the motion by **July 9, 2019**;
2. Plaintiff may oppose the motion by **July 16, 2019**; and
3. Defendants may file a reply to any opposition by **July 23, 2019**.

Thank you for your attention to this submission.

Sincerely,

*/s/ Brian P. Galligan*

Brian P. Galligan
BPG/bpg
CC:      Robert Wisniewski, Esq., Attorney for Plaintiff (via email)
         Client